**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Teresa Fuentes Diaz,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>Priority Home Care, Inc. and Does 1–50, inclusive,<br><br>　　　　　　　　　Defendants. | No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Teresa Fuentes Diaz ("Plaintiff" or "Plaintiff Fuentes Diaz"), by and through her attorneys, The Ottinger Firm, P.C., as and for her Complaint in this action against Priority Home Care, Inc. and Does 1–50 ("Does") (collectively, "Defendants"), alleges upon personal knowledge and upon information and belief as to other matters as follows:

### NATURE OF THE CLAIMS

　　　　1.　　Plaintiff brings this action against Defendants for violations of: (1 & 2) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (3 & 4) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*, §§ 663, *et seq.*; (5 & 6) the wage statement and notice requirements of NYLL §§ 195(1) and 195(3); (7) New York's spread-of-hours pay regulations, 12 NYCRR § 142-2.4; and any other claim(s) that can be fairly inferred from the facts set forth herein.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 216(b) and 1331 as this case is brought under the FLSA.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

## THE PARTIES

4. Plaintiff Fuentes Diaz resides in Bronx County, New York.  Defendants employed Plaintiff Fuentes Diaz from approximately October 2017 until October 2019.  At all relevant times, Plaintiff Fuentes Diaz was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.

5. Defendant Priority Home Care, Inc., upon information and belief, is a business operating in and availing itself of the State of New York, with its principal place of business located at 1 N Lexington Ave., Suite 200, White Plains, NY 10601. At all relevant times, Defendant Priority Home Care, Inc. was an "employer" within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.  Upon information and belief, Defendant Priority Home Care, Inc. has an annual gross volume of sales in excess of $500,000.

6. Does 1-50 are the other individuals who are and/or were in active control and management of the Company, regulated the employment of persons employed by the Company, including Plaintiff.  Upon information and belief, at regular times each year, Does could determine compensation, and adjustments thereto, and terminate the employment of employees such as Plaintiff.  Upon information and belief, at all relevant times, Does were "employers" within the meaning of the FLSA, NYLL, NYCRR, and all related statutes.  As soon as Does true identities

are learned, Plaintiff will seek to add them as individual Defendants in their personal and corporate capacities through the appropriate motion in compliance with all local rules.

## INDIVIDUAL FACTUAL ALLEGATIONS

7. As outlined above, Defendants employed Plaintiff Fuentes Diaz from in or around October 2017 until in or around October 2019. For each hour Defendants did in fact pay Plaintiff, Defendants paid Plaintiff the applicable minimum wage rate.

8. As a Home Health Aide, Plaintiff Fuentes Diaz is primarily responsible for providing Defendants' customer home health aide services.

9. At all times during Plaintiff Fuentes Diaz's employment, Plaintiff Fuentes Diaz has been a non-exempt employee entitled to the protections of the FLSA, NYLL, and NYCRR.

10. During most if not all workweeks, Plaintiff Fuentes Diaz worked in excess of 40 hours per week. By way of example, a typical work week was:

    a. 9:00 AM Tuesday to 9:00 AM Wednesday, (i.e., 24 hours);

    b. 9:00 AM Wednesday to 9:00 AM Thursday, (i.e., 24 hours);

    c. 9:00 AM Thursday to 9:00 AM Friday, (i.e., 24 hours);

    d. 9:00 AM Friday to 9:00 AM Saturday, (i.e., 24 hours); and

    e. 9:00 AM Saturday to 9:00 AM Sunday, (i.e., 24 hours).

11. Plaintiff is a non-residential employee of Defendants.

12. During Plaintiff's employment with Defendants, Plaintiff did not receive at least eight hours of sleep (five hours of uninterrupted sleep) and/or three hours for meals during each twenty-four (24) hour shift.

13. Plaintiff complained to Defendant that she was being denied at least eight hours of sleep (five hours of uninterrupted sleep), and/or three hours for meals in each twenty-four (24) hour shift.

14. Despite Plaintiff's complaints to Defendants that she was not receiving at least eight hours of sleep (five hours of uninterrupted sleep) and/or three hours for meals, Defendants refused to pay Plaintiff for 13 hours of work she performed during each work day (*i.e.*, Plaintiff was only paid for 11 hours out of each 24 hours worked).

15. As a result, Plaintiff Fuentes Diaz was not paid for every hour worked and not paid the correct overtime compensation for every overtime hour worked during her employment with Defendant.

16. Plaintiff Fuentes Diaz was not timely provided a compliant and accurate wage notice at the start of her employment, in violation of NYLL § 195(1).

17. Plaintiff Fuentes Diaz was not timely provided complaint and accurate wage statements at the time of the payment of her wages, in violation of NYLL § 195(3).

18. Defendants failed to pay Plaintiff a "spread of hours" premium of one extra hour at the basic minimum wage rate when her shifts lasted longer than ten (10) hours per day.

19. At all times, Defendants conduct towards Plaintiff Fuentes Diaz was knowing, voluntary and willful.

**FIRST CAUSE OF ACTION**
**(FLSA: Failure to Pay Minimum Wage Compensation, 29 U.S.C. §§ 201, *et seq.*)**

20. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

21. As outlined above, during the relevant time period, Defendants' policies and practices violated the provisions of the FLSA regarding the payment of minimum wage to Plaintiff

4

Fuentes Diaz by, among other things, failing to pay her the applicable minimum wage for all hours worked.

22. Accordingly, Plaintiff Fuentes Diaz is entitled to the difference between the wages paid (if any) by Defendants for every hour worked and the FLSA minimum wage, plus Plaintiff's unpaid regular hours, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's minimum wage provisions.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of all relevant statuary sections, including but not limited 29 U.S.C §§ 216(b) and 255(a).

24. Plaintiff Fuentes Diaz seeks the recovery of her attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**(FLSA: Failure to Pay Overtime Compensation, 29 U.S.C. §§ 201, *et seq.*)**

25. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

26. During the relevant time period, Plaintiff Fuentes Diaz worked in excess of 40 hours per workweek. Because of Defendants' above-outlined violations of the FLSA, Plaintiff Fuentes Diaz was not paid appropriate overtime compensation for every hour worked in excess of 40 hours in any given workweek.

27. Despite the hours worked by Plaintiff Fuentes Diaz, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff all appropriate overtime compensation.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of all relevant statuary sections, including but not limited 29 U.S.C §§ 216(b) and 255(a).

29. Accordingly, Plaintiff Fuentes Diaz is entitled to the difference between the wages paid (if any) by Defendants and the applicable overtime rate of pay, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's overtime provisions.

30. Plaintiff Fuentes Diaz seeks the recovery of her attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
**(NYLL & NYCRR: Unpaid Minimum Wage, N.Y. Lab. L. §§ 650 *et seq*. N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.1)**

31. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

32. As outlined above, Defendants' pay practices failed to pay Plaintiff Fuentes Diaz for every hour worked as required by the NYLL and the NYCRR.

33. Accordingly, Plaintiff Fuentes Diaz is entitled to the difference between the applicable minimum wage and the wages (if any) paid by Defendants, plus her unpaid regular wages, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of, *inter alia*, the NYLL and the NYCRR.

34. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of, *inter alia*, NYLL § 198, and as a result Plaintiff

Fuentes Diaz is entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

35. Plaintiff Fuentes Diaz also seeks to have her reasonable attorneys' fees and costs paid by Defendants, as provided for by the NYLL and NYCRR.

### FOURTH CAUSE OF ACTION
**(NYLL & NYCRR: Failure to Pay Overtime Compensation, , N.Y. Lab. L. §§ 650 *et seq*. N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2)**

36. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

37. During the relevant time period, Plaintiff Fuentes Diaz regularly worked in excess of 40 hours per workweek. Because of Defendants' above-outlined violations of the NYLL, Plaintiff Fuentes Diaz was not paid all appropriate overtime compensation.

38. Despite the hours worked by Plaintiff Fuentes Diaz, Defendants willfully, in bad faith, and in knowing violation of the NYLL and NYCRR, failed and/or refused to pay her all appropriate overtime compensation.

39. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff Fuentes Diaz is entitled to the unpaid overtime compensation, applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

40. Plaintiff Fuentes Diaz also seeks to have her reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

### FIFTH CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Notices, N.Y. Lab. L. § 195(1))**

41. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

42. During the relevant time period, Defendants failed to furnish Plaintiff Fuentes Diaz an accurate wage notice that specifically enumerated certain criteria, as required by NYLL § 195(1).

43. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Fuentes Diaz for the applicable statutory penalty and/or liquidated damage applicable at the time the violation occurred, which may be $50 per day per violation up to a maximum of $5,000.

44. In addition to statutory penalties, Plaintiff Fuentes Diaz is entitled to recover from Defendants' her costs and reasonable attorneys' fees, pre-judgment and post-judgment interest, and all other remedies this Court deems just and proper.

### SIXTH CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Statements, N.Y. Lab. L. § 195(3))**

45. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

46. During the relevant time period, Defendants failed to furnish Plaintiff Fuentes Diaz with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

47. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Fuentes Diaz for the applicable statutory penalty and/or liquidated damage applicable at the time the violation occurred, which may be $250 per violation up to a maximum of $5,000.

48. In addition to statutory penalties, Plaintiff Fuentes Diaz is entitled to recover from Defendants' her costs and reasonable attorneys' fees, pre-judgment and post-judgment interest, and all other remedies this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
### (12 NYCRR § 142-2.4: Spread of Hours Pay)

49. Plaintiff alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

50. At all relevant times, all Defendants were "employers" as defined by 12 NYCRR § 142 *et seq*.

51. At all relevant times, Plaintiff Fuentes Diaz was an "employee" as defined by 12 NYCRR § 142 *et seq*.

52. At all relevant times, Plaintiff Fuentes Diaz was not exempt from the provisions of 12 NYCRR § 142 *et seq*.

53. Defendants failed to compensate Plaintiff Fuentes Diaz the legally mandated spread of hours pay for days in which she worked in excess of ten (10) hours or days in which she worked applicable split shifts.

54. Defendants' practice of failing to pay "spread of hours" pay was willful and in knowing violation of the NYLL and NYRCRR

55. Defendants' practice of failing to pay "spread of hours" pay lasted for the duration of all relevant time periods.

56. Defendants' practices, as alleged herein, are in violation of 12 NYCRR § 142-2.4, as well as the NYLL, and Plaintiff Fuentes Diaz is entitled to recover the unpaid wages and penalties and all other remedies available under all applicable statutes and/or rules or regulations.

57. Plaintiff Fuentes Diaz also seeks to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Fuentes Diaz, prays for the following relief:

      A.      Preliminary and permanent injunctions against Defendants and its officers, members, owners, directors, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      B.      A judgment declaring that the practices complained of herein are unlawful and in violation of the FLSA, NYLL, and NYCRR;

      C.      An award to Plaintiff for all damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits he would have received but for improper practices;

      D.      An award to Plaintiff of the amount of unpaid wages and unpaid premium pay, including interest thereon, and penalties;

      E.      An award to Plaintiff of all applicable statutory damages and/or liquidated damages to which he is entitled;

      F.      An award to Plaintiff of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

      G.      An award to Plaintiff for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and expert witness fees;

      H.      An award to Plaintiff of pre-judgment and post-judgment interest, as provided by law; and

      I.      Any other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: December 20, 2019

New York, New York

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: _____/s/_____
Benjamin D. Weisenberg, Esq.
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
benjamin@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*